UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

CIVIL ACTION NO. 04-107-DLB

KELLY MCCLURE                                                                                          PLAINTIFF

vs.                                          **OPINION & ORDER**

COMAIR, INC.                                                                                          DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff was terminated from her position as a customer service agent for excessive absenteeism and brought this claim against her former employer alleging violations of the Family and Medical Leave Act of 1993 (FMLA).  29 U.S.C. § 2601 *et seq.*  In particular, Plaintiff claims that many, if not all, of her absences were FMLA-qualifying and, if she had not been charged with those absences, she would not have been discharged.

This matter is presently before the Court upon Defendant's Motion for Summary Judgment (MSJ).  (Doc. #18).  Plaintiff filed a response (Doc. #22), to which Defendant replied (Doc. #25).  With leave of the Court, Plaintiff filed a sur-reply.  (Doc. #29).  The matter being fully briefed, the motion is now ripe for review.

### I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was hired by Defendant as a customer service agent on October 25, 1999. Shortly after she was hired, Plaintiff's "attendance problems" began: she was tardy on December 1, 1999; was absent on five occasions between December 1999-March 2000; received a final written warning ("FWW") as a probationary employee on March 4, 2000; was absent on seven occasions from May-July 2000; received another FWW and was

1

suspended without pay on July 27, 2000;[1] and received a verbal warning for attendance and shift-trade[2] problems on January 22, 2002. On May 5, 2002, Plaintiff injured her ankle at work while unloading baggage from a Comair flight. She reported the injury to her immediate supervisor, Rick Tuepeker, but continued to work over the next several weeks despite the pain. Plaintiff was absent on four more occasions between January and June 2002, and received a written warning on June 23, 2002. Still plagued with pain in her ankle, Plaintiff visited Defendant's "company doctor" on July 1st, and was diagnosed with a fractured ankle that had partially healed. She called in sick again on August 14, 2002.[3]

Plaintiff awoke on Saturday, September 14th with debilitating back spasms. According to Plaintiff, after she injured her ankle, she adjusted her walk accordingly which, in turn, put stress on her back. Plaintiff called in sick for her shifts on September 14-17, 2002. During that time, she visited a chiropractor on two occasions.[4] When she returned to work on September 20th, she alleges that she informed her supervisors that she was "under a chiropractor's care for back spasms." Plaintiff called in sick again on October 19th and November 9-12. She was issued another FWW and suspended for one day on November 12, 2002. At that meeting, Plaintiff explained that her absences were due to her back spasms. She was informed that, although nothing could be done about her past absences, any future absences attributable to her back spasms could constitute "leave"

---

[1] The one-day suspension was served the following day.

[2] On January 10, 2002, Plaintiff traded shifts with a fellow employee and failed to report for the scheduled shift on time.

[3] The procedure for "calling in sick" involved leaving a voicemail message on an answering service.

[4] She actually saw a husband-and-wife team of chiropractors, Doctors. Lang.

under the FMLA. Lisa Senter, a human resources employee, provided Plaintiff with the appropriate paperwork - the relevant portions of which were highlighted for completion - and urged her to call with any questions. It is undisputed that Plaintiff never completed nor returned the paperwork. Defendant also requested medical certification, which Plaintiff failed to provide. She called in sick for three more shifts, and was tardy on two other occasions. Plaintiff's employment with Defendant was terminated on September 9, 2003.

On May 21, 2004, Plaintiff filed the instant suit under 29 U.S.C. § 2617(a)(2) seeking reinstatement, back pay and benefits, liquidated damages, and fees. Defendant moved for summary judgment on April 19, 2005. Plaintiff filed a response, to which Defendant replied. Plaintiff also filed a sur-reply. The motion is now ripe for review.

## II.  ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the movant has met this initial burden, the non-movant cannot rest on its pleadings, but must show that there is a genuine issue for trial. *Id.* at 324. All evidence and inferences based on evidence must be considered in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio* Corp., 475 U.S. 574, 587 (1986). However, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*,

3

886 F.2d 1427, 1479-80 (6th Cir. 1989).

### B.  FMLA Standard

The Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. (FMLA), was enacted to help working men and women balance the conflicting demands of work and personal life. Paula F. Wolff, Annotation, *What Constitutes 'Serious Health Condition' Under § 101(11) or § 102(A)(1)(D) of Family and Medical Leave Act*, 169 A.L.R. Fed. 369 (2001). The FMLA establishes, among other things, the right of an eligible employee to receive up to twelve weeks of unpaid leave per year because of a "serious health condition that makes the employee unable to perform the functions" of his or her job. 29 U.S.C. § 2612(a)(1)(D). Pursuant to the authority under the FMLA, the Secretary of Labor has issued regulations governing the implementation of leave entitlement. 29 C.F.R. § 825 (1997). Employers are prohibited from interfering with, restraining, or denying the exercise of (or attempt to exercise) any rights provided by the FMLA. 29 U.S.C. § 2615(a)(1); 29 C.F.R. § 825.220(a)(1). Any violation of the FMLA or its implementing regulations constitutes unlawful interference with, restraint, or denial of the exercise of rights provided by the Act. 29 C.F.R. § 825.220(b). Plaintiff claims that her absences following her work-related injury were covered under the FMLA and, therefore, her termination for "attendance problems" violated the Act.

To be eligible for leave under the FMLA, an employee must have been employed by the employer from whom leave is requested for: (1) at least twelve months and (2) at least 1250 hours of service during the previous twelve-month period. 29 U.S.C. §§ 2611(2)(A)(i), (ii). In addition, the employee must be employed at a worksite where fifty or more employees are employed by the employer within seventy-five miles of that worksite.

4

*See id.* § 2611(2)(B)(ii). The parties do not dispute that Plaintiff was an "eligible employee" or that Defendant was a "covered employer." Finally, to invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave. *Brohm v. JH Props., Inc.,* 149 F.3d 517, 523 (6th Cir. 1998).

### 1.      Adequate Notice

An employee who seeks FMLA-protected leave must give his/her employer adequate notice of the need for leave, both in terms of timing and information. The Act provides that, where the necessity for protected leave is foreseeable, the employee must provide the employer with not less than 30 days' notice before the date the leave is scheduled to begin. 29 U.S.C.A. § 2612(e)(1). However, if the leave is not foreseeable, or the circumstances require leave to begin in less than 30 days, then the employee must give "such notice as is practicable." 29 U.S.C.A. §§ 2612(e)(1), 2612(e)(2)(B). The regulations expound upon the phrase "such notice as is practicable," and provide guidance on the methods for giving notice. Section 825.303 provides:

> (a) When the approximate timing of the need for leave is not foreseeable, an employee should give notice to the employer for the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case. *It is expected that an employee will give notice to the employer within no more than one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible*. In the case of a medical emergency requiring leave because of an employee's own serious health condition or to care for a family member with a serious health condition, written advance notice pursuant to an employer's internal rules and procedures may not be required when FMLA leave is involved.
>
> (b) The employee should provide notice to the employer either in person or by telephone, telegraph, facsimile ("fax") machine or other electronic means. Notice may be given by the employee's spokesperson (e.g., spouse, adult family member, or other responsible party) if the employee is unable to do so personally. The employee need not expressly assert rights under the FMLA

> or even mention the FMLA, but may only state that leave is needed. The employer will be expected to obtain any additional required information through informal means. The employee or spokesperson will be expected to provide more information when it can readily be accomplished as a practical matter, taking into consideration the exigencies of the situation.

29 C.F.R. §§ 825.303(a)-(b). (emphasis added)

The regulations make clear that the employee need not expressly mention the "FMLA" in order to qualify for the Act's protections. *Hammon v. DHL Airways, Inc.*, 165 F.3d 441, 451 (6th Cir. 1999). On the other hand, the regulations do not make clear how much information the employee must provide to the employer in order to trigger the latter's obligation to seek more information to determine whether the reason for the requested leave is FMLA-qualifying. Courts generally hold that, while the employee need not actually mention the FMLA by name, "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." *Brohm*, 149 F.3d at 523 (6th Cir. 1998), *quoting Manuel v. Westlake Polymers Corp.*, 66 F.3d 758, 762 (5th Cir. 1995). Once the employee provides sufficient information to put the employer on notice that the FMLA may be triggered, it then becomes the employer's obligation to inquire further, if necessary, to determine whether the employee will be protected by the Act. *Hammond*, 165 F.3d at 451.

Whether Plaintiff provided adequate notice to Defendant of her need for leave is disputed. Defendant maintains that "McClure informed Comair for the first time on November 12, 2002 that her absences could possibly relate to a serious health condition." (Def. MSJ, p. 10). In addition, Defendant alleges that "by simply calling in sick, McClure did not provide Comair with sufficient substantive notice that she may have needed FMLA leave." (*Id*. at 12). Plaintiff, on the other hand, asserts that "[w]hen she came back to work

6

[on September 20th], she reported that the reason she had missed the [previous four] days was due to severe back spasms and that she was being treated by Dr. Lang for those spasms." (Plf. MSJ, p. 6). In its reply, Defendant claims that Plaintiff's notice was, nevertheless, insufficient "because the individuals McClure allegedly reported her back spasms to were not her supervisors ... [but rather were] customer service agents, just like [her]." (Def. Reply, p. 6). Plaintiff disputes that contention by claiming that "The individuals were her direct supervisors."

The foregoing illustrates that there are several issues regarding the adequacy of Plaintiff's notice, including: 1) when Plaintiff gave notice, 2) the substance of the notice, and 3) to whom notice was given. On those bases, summary judgment will be denied. However, as the following discussion demonstrates, Plaintiff has failed to establish the existence of a "serious health condition" that prevented her from working, which is an essential element of a claim under the FMLA.

### 2. Qualifying Reason

An eligible employee is only entitled to take FMLA-protected leave for qualifying reasons. The statute provides four independent reasons for which FMLA leave is available: (1) birth of a son or daughter, in order to care for the child; (2) placement for adoption of a son or daughter with the employee; (3) to care for a spouse, child, or parent with a "serious health condition;" or (4) due to the employee's own "serious health condition" *which renders the employee unable to perform the functions of his or her position*. 29 U.S.C. § 2612(a)(1) (emphasis added). A "serious health condition" is defined in the FMLA as an illness, injury, impairment, or physical or mental condition that involves: 1) inpatient care in a hospital, hospice, or residential medical care facility, or 2) continuing treatment

7

by a health care provider. 29 U.S.C. § 2611(11). The regulations define a "health care provider" as: (1) a doctor of medicine or osteopathy who is authorized to practice medicine or surgery (as appropriate) by the State in which the doctor practices; or (2) any other person determined by the Secretary to be capable of providing health care services. 29 C.F.R. § 825.118(a). Others "capable of providing health care services" include podiatrists, dentists, clinical psychologists, optometrists, and *chiropractors (limited to treatment consisting of manual manipulation of the spine to correct a subluxation as demonstrated by X-ray to exist) authorized to practice in the State and performing within the scope of their practice as defined under State law*. *Id*. § 825.118(b) (emphasis added). Plaintiff claims that her back spasms constituted a "serious health condition" as defined in 29 U.S.C. § 2611(11)(B).

Defendant, on the other hand, alleges that Plaintiff cannot prove that her back spasms constituted a serious health condition that prevented her from working because: 1) her chiropractor(s) did not provide any documentation "stating that she could not work because of her back spasms, or that she needed to miss work because of them," and 2) her chiropractor(s) do not qualify as "health care providers" under the regulations. On the latter point, Defendant claims, "McClure has provided no evidence ... that her chiropractors performed a manual manipulation of her spine, and nothing in her medical records suggests a 'subluxation' was revealed by any x-ray." (Def. MSJ, p. 8). In response, Plaintiff notes that Doctors Lang are licensed, practicing chiropractors in the Commonwealth of Kentucky. More importantly, Plaintiff claims that since she provided notice to Defendant, it became Defendant's duty to inquire into the "sufficiency of the health care provider." (Plf. MSJ, p. 9). Plaintiff, therefore, appears to assert that, when she

8

notified her supervisors that she had missed work because of back spasms and was under a chiropractor's care, the burden shifted to Defendant to determine whether her chiropractor was a health care provider under the regulations. Plaintiff's argument mistakenly places the onus on Defendant to prove an element of her prima facie case. Furthermore, it misconstrues an employer's duty under the regulations. That duty is to determine whether FMLA leave is being sought and to obtain the necessary details of the leave being taken. 29 C.F.R. § 825.302(c).

Plaintiff's proof on this element is lacking. At her deposition, she testified that her chiropractors took x-rays of her back initially, but she cannot remember the "details of what exactly they did to [her]." (Plf. depo, p. 77). After the initial visit, Plaintiff claims that she sought treatment from the Langs over the course of three months, sometimes two or three times per week. (Plf. depo, p. 78). Plaintiff concedes that, during that time, she never furnished a doctor's note excusing her from work to Defendant, even though the Langs offered to provide one. (*Id.*). According to her deposition testimony, everybody knew about her ankle injury and back spasms, and if she needed a note, she would get one at a later time. (*Id.*).

Plaintiff has failed to establish that her back spasms constituted a "serious health condition" because she has not proven that her condition rendered her unable to perform the functions of her job (i.e., that she was incapacitated). An employee is "unable to perform the functions of the position" where *a health care provider* finds that the employee is unable to work at all, or is unable to perform any one of the essential functions of the

9

employee's position, because of the alleged injury or illness.[5]  *See* 29 C.F.R. § 825.115 (emphasis added); *Olsen v. Ohio Edison Co.*, 979 F. Supp. 1159, 1166 (N.D. Ohio 1997). In this case, it is undisputed that Plaintiff suffered a work-related ankle injury. Plaintiff alleges that she experienced back problems secondary to her fractured ankle, and sought chiropractic treatment to relieve what she describes as severe and debilitating back pain. Plaintiff, however, has offered no evidence that Doctors Lang advised her to remain off work, or imposed any restrictions on her ability to work due to her back spasms. In fact, the record is completely devoid of any documentation from Plaintiff's chiropractors supporting her allegations (i.e., records reflecting visits, diagnoses, treatment, etc.).

Instead, Plaintiff expects the Court to assume that the requisite incapacity existed based solely upon her bare allegations that she called in sick on numerous occasions, and that her absences were due to her back spasms. The Court would be remiss in doing so because such allegations are too general and conclusory to create a genuine issue of material fact for trial. Moreover, as noted by Defendant in its motion, a plaintiff's own statement is generally insufficient to establish incapacity under the FMLA. *See Haefling v. United Parcel Serv., Inc.,* 169 F.3d 494, 500 (7th Cir. 1999) (without evidence from treating physician, plaintiff's self-serving assertions regarding the severity of his medical condition and the treatment it required were insufficient to raise issue of fact under FMLA); *Bell v. Jewel Food Store,* 83 F. Supp. 2d 951, 959 (N.D. Ill.2000) ("[the plaintiff's] own statement is not enough to establish he was incapacitated; [he] must provide evidence from

---

[5]An employee who must be absent from work to receive medical treatment for a serious health condition is also considered to be unable to perform the essential functions of the position during the absence for treatment.

10

a medical professional or health care provider that he was unable to work."), citing *Joslin v. Rockwell Intern. Corp.,* 8 F. Supp. 2d 1158, 1160 (N.D. Iowa 1998) (finding that an employee's own testimony that she was unable to work because of her illness was insufficient to prove that she was incapacitated); *accord Austin v. Haaker,* 76 F. Supp. 2d 1213, 1221 (D. Kan. 1999) (same); *Olsen,* 979 F. Supp. at 1166 (N.D. Ohio 1997) ("in order to show that he or she was 'required' to miss work for more than three days, a plaintiff employee must show that he or she was prevented from working *because of* the injury or illness based on a medical provider's assessment of the claimed condition. It does not mean that, in the employee's own judgment, he or she should not work ... Rather, it means that a 'health care provider' has determined that, in his or her professional medical judgment, the employee *cannot* work (or could not have worked) *because of* the illness.") (emphasis original).

Therefore, the Court concludes that the lack of a professional medical assessment causally linking Plaintiff's absences to her back spasms is fatal to her FMLA claim. Accordingly, Defendant is entitled to summary judgment on Plaintiff's FMLA claim.[6]

---

[6] In view of the Court's conclusion that Plaintiff has failed to establish that her back spasms constituted a "serious health condition" for FMLA purposes, the Court need not address Defendant's argument that Doctors Lang did not act as qualifying "health care providers" under the regulations. For the same reason, the Court need not determine whether Plaintiff received "continuing treatment" under the Act.

11

### III. CONCLUSION

In accordance with the above,

**IT IS ORDERED** that:

(1) Defendant's Motion for Summary Judgment (Doc. #18) be, and hereby is, **GRANTED**;

(2) Plaintiff's complaint be, and hereby is, **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court; and

(3) The Final Pretrial Conference date of August 26, 2005 and the Trial date of September 26, 2005 are **VACATED**.

(4) A Judgment in favor of Defendant will be entered concurrently herewith.

This 20th day of July, 2005.

Signed By:
*David L. Bunning* DB
United States District Judge

G:\DATA\Opinions\2-04-107-Opinion&Order.wpd